LUCIA DILLENBACH, APPELLEE, V. THOMAS KERR ET AL., APPELLANTS.

FILED MAY 13, 1916. No. 18872.

1. **Appeal: QUESTIONS CONSIDERED.** This court upon appeal will ordinarily consider only the questions presented in the briefs.

2. **Deeds:** INTEREST CONVEYED. One who joins with the owner of the fee in the execution of a deed cannot afterwards establish a lien on the land on the ground that the grantee in the deed did not pay the full value of the land and paid nothing except to the owner of the fee.

3. ———: ———. The grantee in a deed cannot, as against one in possession when the deed was executed, urge any greater right under his deed than the grantor had.

APPEAL from the district court for Adams county: ERNEST B. PERRY, JUDGE. *Affirmed as modified.*

*John Snider* and *Charles E. Bruckman,* for appellants.

*J. W. James, contra.*

SEDGWICK, J.

The plaintiff began this action in the district court for Adams county to establish and quiet title in certain real estate in that county and to redeem from alleged liens. The defendant Thomas Kerr, by his guardian William M. Lowman, alleged title in himself, and denied that plaintiff has any right or interest in the real estate, and asked to have his title quieted.

It is conceded that Daniel Dillenbach, the owner of a certain tract of land in Adams county, conveyed it, his wife joining in the deed, to his son Daniel S. Dillenbach, subject to two mortgages. In the deed the grantee agreed to board and clothe the grantors during their respective lives, and agreed that they should have the use and control of the dwelling-house and other improvements on the land. Afterwards the land was sold upon foreclosure of the two mortgages, and was purchased by the mortgagees William Kerr and one Clark, the owner of one of the foreclosed mortgages. The sale upon foreclosure was not confirmed, and Daniel S. Dillenbach, the holder of the legal title, conveyed the land to the said William Kerr. The plaintiff claims the land under a subsequent deed from Daniel S. Dillenbach. William Kerr conveyed it to his son, the defendant Thomas Kerr. The trial court found "against the

plaintiff in favor of the defendant, so far as the plaintiff seeks to declare, or to be declared the owner and to be decreed as entitled to reclaim" the land. "That plaintiff is entitled to an accounting as to the value of the interest acquired by William Kerr, on September 17, 1898, and not then incumbered; * * * that as a condition precedent to defendant having his title quieted as against plaintiff, he should pay the value of said interest, which is found by the court to be $2,950." From this finding and decree thereon in plaintiff's favor, the defendant has appealed.

The plaintiff makes no contention in the brief that the decree is wrong as against her, and it is not necessary to inquire whether plaintiff has regularly appealed therefrom. The plaintiff contends that the finding and decree requiring defendant to pay plaintiff $2,950 as a condition to have his title quieted is supported by the pleadings and evidence. The contention seems to be that William Kerr by his deed took only the interest of Daniel S. Dillenbach, and that the interest of Daniel Dillenbach and his wife which was reserved in their deed to Daniel S. Dillenbach was never acquired by William Kerr, and was therefore not conveyed in his deed to the defendant Thomas Kerr. The plaintiff has asked leave to amend the petition in this court so as to allege that Daniel Dillenbach and his wife joined in the deed from Daniel S. Dillenbach to William Kerr, and concedes that the evidence shows that to be a fact. It is, however, argued that the land was then, more than 15 years ago, worth more than the amount William Kerr paid therefor, and that no consideration therefor was paid for the right and interest of Daniel Dillenbach and his wife. It is admitted that William Kerr took possession of the land upon receiving his deed, and that Daniel S. Dillenbach and his wife paid him rent therefor for several years, and "at the expiration of such time, they removed from the land, upon the demand of the Kerrs." As the pleadings did not allege that Daniel Dillenbach and wife joined in the deed to William Kerr, the trial court apparently did not consider that fact. There was not a failure of consid-

eration for the deed. William Kerr paid a consideration for his deed, and all grantors signed the deed without reservation. It would make no difference to which one of the grantors the consideration was paid, it would be a consideration for the deed as executed, so far as the grantee was concerned. The deed conveyed the whole interest of the grantors. The question whether the grantee took the deed as security only was determined against the plaintiff by the trial court and is not now presented.

The judgment of the district court is modified so as to quiet the title of defendant absolutely, and, as modified, is affirmed. Each party will pay his own costs in this court.

AFFIRMED AS MODIFIED.

LETTON, J., concurs in the conclusion.

ROSE and HAMER, JJ., not sitting.